FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2011 DEC 30 P 1: 39

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| IKON OFFICE SOLUTIONS, INC., | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:11cv1409 |
| THE LAW OFFICE OF CRAIG KUGLAR, LLC, | : LMB/TDD |
| Defendant. | : |

## COMPLAINT

Plaintiff IKON Office Solutions, Inc., by and through its undersigned counsel, hereby brings the following Complaint for damages concerning the above-named Defendant for breach of contract and fraud and, in support thereof, states and avers as follows:

### DESCRIPTION OF ACTION

1.  This is an action for breach of contract and fraud for an amount in excess of $75,000, exclusive of interest and costs.

### PARTIES

2.  At all times pertinent hereto, IKON Office Solutions, Inc. (hereinafter referred to as either "IKON" or "Plaintiff"), was and is a corporation organized and incorporated in the State of Ohio, maintaining its principal place of business at 70 Valley Stream Parkway, Malvern, Pennsylvania, 19355, and transacting business at its principal place of business in Malvern, Pennsylvania and in other branch office locations throughout the country including in this judicial district at 4900 Seminary Road, Suite 200, Alexandria, Virginia, 22311. IKON is a corporate citizen of the Commonwealth of Pennsylvania and the State of Ohio.

1

DM1\3040071.1

3.  At all times relevant hereto, The Law Office of Craig Kuglar, LLC, (hereinafter referred to as "Defendant") is and has been a limited liability company organized and incorporated in the State of Georgia, maintaining its principal place of business at 1130 Piedmont Ave #913, Atlanta, Georgia, 30309 and/or at 309 North Highland Avenue, NE Suite A, Atlanta, Georgia, 30307.

## JURISDICTION AND VENUE

4.  Jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5.  Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Defendant is subject to personal jurisdiction in this district and a substantial portion of the events giving rise to this claim occurred in this district. Moreover, two closely related cases filed by Defendant, and in which Defendant is counsel of record, are also pending in the Eastern District of Virginia: (1) *Farkas v. National Union Fire Insurance Company of Pittsburgh,* Case No. 1:11-cv-529 LMB-IDD (E.D. Virginia) (hereinafter, the "Farkas Civil Proceeding"); and (2) *USA v. Farkas*, Case No. 10-CR-200-LMB (E.D. Virginia) (hereinafter, the "Farkas Criminal Proceeding"). The amount in dispute arises from Defendant's having engaged Plaintiff to perform services for Defendant in connection with the Farkas Criminal Proceeding and concerning which Defendant is seeking insurance reimbursement in the Farkas Civil Proceeding.

6.  All conditions to the institution of this action have occurred, have been satisfied, have been waived, or have otherwise been excused.

## FACTUAL BACKGROUND

7.  IKON Legal Document Services ("LDS") is a division of IKON engaged in the business of, among other things, providing litigation support, including electronic discovery and document production services, to law firms and in-house legal department customers.

8.  On January 24, 2011, Defendant entered into a Statement of Work contract with IKON's LDS division to obtain certain litigation support services including, but not limited to, document imaging, electronic document processing, e-labeling, printing, binder and exhibit creation, and processing and uploading documents into a document review platform. A true and correct copy of the Statement of Work contract is attached hereto as Exhibit "A." Defendant required these services as counsel for Lee Farkas in the matter of *USA v. Farkas*, Case No. 10-CR-200-LMB.

9.  Pursuant to the Statement of Work contract, IKON performed certain services at Defendant's direction and instruction. See Statement of Work at Terms and Conditions, § 1.

10. In exchange for IKON providing services pursuant to the Statement of Work contract, Defendant agreed to "pay IKON the fees in the amounts and at the rates set forth" in the Statement of Work. Id. The Statement of Work contract provided that payment was due within thirty (30) days from the date of each invoice; and that Payments not received within ten (10) days of their due date are subject to a late charge of 1.5%. Id. at p. 9.

11. IKON has satisfied all conditions precedent, and has otherwise fulfilled its obligations pursuant to the terms of the Statement of Work contract. More specifically, IKON performed electronic discovery, reproduction and other related document production services, and engaged third party services on behalf of Defendant and paid for by IKON, in an amount in excess of $500,000.00.

3

12. Despite its promises and obligations, Defendant has defaulted on its obligations under the Statement of Work contract by, among other things, failing to pay IKON the fees and amounts Defendant owes IKON as a result of the services performed for Defendant by IKON.

13. Defendant represents Lee Farkas in the Farkas Civil Proceeding in which payment of the amounts claimed herein, among other amounts, are being sought from the National Union Fire Insurance Company of Pittsburg that were incurred as expenses due to IKON, and others, in the Farkas Criminal Proceeding. The Farkas Civil Proceeding is currently pending before this Court.

### COUNT I -- BREACH OF CONTRACT

14. Plaintiff IKON realleges and incorporates by reference each allegation contained in the preceding paragraphs of this Complaint, paragraphs one (1) through eleven (11), inclusive, as if fully set forth herein.

15. Defendant and IKON entered into certain transactions wherein Defendant agreed to accept, and IKON agreed to provide, certain services that Defendant required in order to represent Defendant's client, Lee Farkas, in the aforementioned Farkas Criminal Proceeding. Pursuant to the Statement of Work contract, Defendant was directly responsible for payment and Defendant agreed to make timely payments to IKON (within thirty (30) days of the receipt of each invoice) in exchange for the provision of these services. See Exhibit "A."

16. Defendant has breached the terms of the Statement of Work contract by failing to pay the fees and amounts due to IKON for services provided by IKON to Defendant pursuant to the Statement of Work contract.

17. Plaintiff has made demand for payment and Defendant has refused or otherwise failed to make payment as required by the Statement of Work contract and despite Plaintiff's demands.

18. The amount due and owing to IKON for work performed pursuant to the Statement of Work contract is currently in excess of $500,000.00.

19. Defendant's breaches have been committed without privilege, right or other justification.

20. Defendant's breach of the Statement of Work contract is a material breach.

21. As a result of Defendant's breach, IKON has suffered damages, including, but not limited to, unpaid invoices in an amount exceeding Five Hundred Thousand Dollars ($500,000.00).

## COUNT II -- FRAUD

22. Plaintiff IKON realleges and incorporates by reference each allegation contained in the preceding paragraphs of this Complaint, paragraphs one (1) through nineteen (19), inclusive, as if fully set forth herein.

23. Defendant represented to IKON that Defendant could pay the fees and amounts owed to IKON because Defendant would receive sufficient funds to pay for the cost of Mr. Farkas' defense, including all of the services performed by IKON under the Statement of Work contract, pursuant to an insurance policy that covered Mr. Farkas and for which payment had been received or promised.

24. The representations made by Defendant were in fact false. In reality, at the time these representations were made, Mr. Farkas' insurer only agreed to cover up to One Million Dollars ($1,000,000.00) of the costs incurred in Mr. Farkas' defense. Defendant knew that the cost of Mr. Farkas' defense would far exceed this number, and, accordingly, Defendant knew that there would not be sufficient funds to pay any fees and amounts incurred by and owed to IKON pursuant to the Statement of Work contract despite Defendant's representations to IKON to the contrary. Upon information and belief, Defendant incurred approximately $2,000,000.00

5

in defense costs that Mr. Farkas' insurer will not reimburse; that amount was not ordered or authorized to be paid by the Bankruptcy Court presiding over the bankruptcy proceeding involving TBW, Mr. Farkas' employer and the insurance policyholder; and that amount is, and has been at all times relevant, disputed by Mr. Farkas' insurer and is the subject of litigation before this Court in the Farkas Civil Proceeding.

25. When Defendant made these representations to IKON, he knew them to be false and made these representations with the intent to deceive and defraud IKON and to otherwise induce IKON to act in reliance upon these representations in the manner hereafter alleged, or with the expectation that IKON would so act.

26. IKON, at the time these representations were made by Defendant, and at the time IKON took the actions herein alleged, was unaware of the falsity of Defendant's representations and reasonably believed them to be true given the Defendant's status and assurances.

27. In reliance on these representations, IKON was induced to and did incur costs by performing services pursuant to the Statement of Work contract at Defendant's request. Had IKON known the actual facts, it would not have performed these services.

28. IKON's reliance on Defendant's representations was justified.

29. As a proximate result of Defendant's fraudulent conduct as herein alleged, IKON has incurred costs and damages in an amount exceeding $500,000.00 based upon Defendant's deception concerning the coverage Mr. Farkas' insurer had purportedly agreed to provide and/or which had been ordered by the court.

**WHEREFORE**, Plaintiff IKON demands judgment against Defendant as follows: (a) awarding IKON its damages; (b) awarding IKON pre-judgment interest through and including the date of judgment; (c) awarding IKON its costs in connection with this action; and (d)

DMI\3040071.1

granting to IKON such further necessary and proper relief as the Court may deem just and appropriate.

Dated:  December 30, 2011

Respectfully Submitted,

*signature: Joseph J. Aronica /with permission JSF*
Joseph J. Aronica
**DUANE MORRIS LLP**
505 9th Street, N.W.
Suite 1000
Washington, DC 20004-2166
Telephone:    (202) 776-7824
Facsimile:     (202) 478-1885
JJAronica@duanemorris.com

*Attorneys for IKON Office Solutions, Inc.*

OF COUNSEL:
Thomas T. Loder, Esquire
Carla M. Bennett, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1246/1153/7312

*Attorneys for Plaintiff*
*IKON Office Solutions, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff IKON Office Solutions, Inc. demands a trial by jury as to all issues so triable.

*signature: Joseph J. Aronica /with permission JSF*
Joseph J. Aronica

DM1\3040071.1