**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

IKON OFFICE SOLUTIONS, INC.,      :
                                 :

        Plaintiff,            :

                                 :

        v.                :     **CASE NO.: 1:11-cv-1409 (LMB-IDD)**

                                 :

THE LAW OFFICE OF CRAIG     :
KUGLAR, LLC,               :

                                 :

        Defendant.       :

_____ :

## AMENDED COMPLAINT

Plaintiff IKON Office Solutions, Inc., by and through its undersigned counsel, hereby brings the following Amended Complaint for damages against the above-named Defendant for breach of contract, negligence, and negligent misrepresentation and, in support thereof, states and avers as follows:

### DESCRIPTION OF ACTION

1.    This is an action for breach of contract, negligence, and negligent misrepresentation for an amount in excess of $75,000, exclusive of interest and costs.

### PARTIES

2.    At all times pertinent hereto, IKON Office Solutions, Inc. (hereinafter referred to as either "IKON" or "Plaintiff"), was and is a corporation organized and incorporated in the State of Ohio, maintaining its principal place of business at 70 Valley Stream Parkway, Malvern, Pennsylvania, 19355, and transacting business at its principal place of business in Malvern, Pennsylvania and in other branch office locations throughout the country including in this

1

judicial district at 4900 Seminary Road, Suite 200, Alexandria, Virginia, 22311.  IKON is a

corporate citizen of the Commonwealth of Pennsylvania and the State of Ohio.

3.      At all times relevant hereto, The Law Office of Craig Kuglar, LLC (hereinafter

referred to as "Defendant") is and has been a limited liability company organized and

incorporated in the State of Georgia and maintaining its principal place of business at 1130

Piedmont Ave #913, Atlanta, Georgia, 30309 and/or at 309 North Highland Avenue, NE Suite A,

Atlanta, Georgia, 30307.

### JURISDICTION AND VENUE

4.      Jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. § 1332.  The

amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest

and costs.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because

Defendant is subject to personal jurisdiction in this district, the services and subject matter of the

services provided by IKON concerned trial support activities for trials that took place in this

district, and a substantial portion of the events giving rise to this claim occurred in this district.

Moreover, two closely related cases filed by Defendant, and in which Defendant is counsel of

record, are also pending and/or were heard in the Eastern District of Virginia: (1) *Farkas v.*

*National Union Fire Insurance Company of Pittsburgh,* Case No. 1:11-cv-529 LMB-IDD (E.D.

Virginia) (hereinafter, the "Farkas Civil Proceeding"); and (2) *USA v. Farkas*, Case No. 10-CR-

200-LMB (E.D. Virginia) (hereinafter, the "Farkas Criminal Proceeding").  The amount in

dispute arises from Defendant's having engaged Plaintiff to perform services for Defendant in

connection with the Farkas Criminal Proceeding and concerning which Defendant is seeking

insurance reimbursement in the Farkas Civil Proceeding.

6.      All conditions to the institution of this action have occurred, have been satisfied, have been waived, or have otherwise been excused.

## **FACTUAL BACKGROUND**

7.      IKON Legal Document Services ("LDS") is a division of IKON engaged in the business of, among other things, providing litigation support, including electronic discovery and document production services, to law firms and in-house legal department customers.

8.      On January 24, 2011, Defendant entered into a Statement of Work contract with IKON's LDS division to obtain certain litigation support services including, but not limited to, document imaging, electronic document processing, e-labeling, printing, binder and exhibit creation, and processing and uploading documents into a document review platform.  A true and correct copy of the Statement of Work contract is attached hereto as Exhibit "A."   Defendant required these services in connection with its work as counsel in representing the Defendant, Lee Farkas, in the matter of *USA v. Farkas*, Case No. 10-CR-200-LMB.

9.      Pursuant to the Statement of Work contract, IKON performed certain services at Defendant's direction and instruction.  See Exhibit "A" hereto, Statement of Work at Terms and Conditions, § 1.

10.      The Statement of Work contract further provided, above Craig Kuglar's signature, that "The Law Office of Craig Kuglar, LLC hereby authorizes IKON to proceed with the litigation support services described and specified in the foregoing Statement of Work for IKON Services, and agrees to the terms and conditions as specified herein."  It further provided that the performance of services described in the contract was for "the client referenced on the cover page" of the contract, which was "The Law Office of Craig Kuglar, LLC," the named Defendant herein.

11.     In exchange for IKON providing services pursuant to the Statement of Work

contract, Defendant agreed to "pay IKON the fees in the amounts and at the rates set forth" in the

Statement of Work.  Id.  The Statement of Work contract provided that payment was due within

thirty (30) days from the date of each invoice; and that Payments not received within ten (10)

days of their due date are subject to a late charge of 1.5%.  Id. at p. 9.

12.     IKON has satisfied all conditions precedent, and has otherwise fulfilled its

obligations pursuant to the terms of the Statement of Work contract.  More specifically, IKON

performed electronic discovery, reproduction and other related document production services,

and engaged third party services that were performed and accepted on behalf of Defendant and

paid for by IKON, in an amount in excess of $500,000.00.

13.     Despite its promises and obligations, Defendant has defaulted on its obligations

under the Statement of Work contract by, among other things, failing to pay IKON the fees and

amounts Defendant owes IKON as a result of the services performed for Defendant by IKON, as

well as those services paid for by IKON but performed on Defendant's behalf by third parties.

14.     Defendant represents Lee Farkas in the Farkas Civil Proceeding in which payment

of the amounts claimed herein, among other amounts, are/were being sought from the National

Union Fire Insurance Company of Pittsburgh that were incurred as expenses due to IKON, and

others, in the Farkas Criminal Proceeding.  The Farkas Civil Proceeding was and/or is currently

pending before this Court.

## COUNT I -- BREACH OF CONTRACT

15.     Plaintiff IKON realleges and incorporates by reference each allegation contained

in the preceding paragraphs of this Complaint, paragraphs one (1) through fourteen (14),

inclusive, as if fully set forth herein.

16.     Defendant and IKON entered into certain transactions wherein Defendant agreed to accept, and IKON agreed to provide, certain services that Defendant required in order to represent Defendant's client, Lee Farkas, in the aforementioned Farkas Criminal Proceeding. Pursuant to the Statement of Work contract, Defendant was directly responsible for payment and Defendant agreed to make timely payments to IKON (within thirty (30) days of the receipt of each invoice) in exchange for the provision of these services.  See Exhibit "A."

17.     Defendant has breached the terms of the Statement of Work contract by failing to pay the fees and amounts due to IKON for services provided by IKON to Defendant pursuant to the Statement of Work contract as well as amounts due to IKON for services paid for by IKON to others who likewise performed services to Defendant in the course of Defendant's work.

18.     Plaintiff has made demand for payment and Defendant has refused or otherwise failed to make payment as required by the Statement of Work contract and despite Plaintiff's demands.

19.     The amount due and owing to IKON for work performed pursuant to the Statement of Work contract is currently in excess of $500,000.00, without interest, costs, or attorneys' fees.

20.     Defendant's breaches have been committed without privilege, right or other justification.

21.     Defendant's breach of the Statement of Work contract is a material breach.

22.     As a result of Defendant's breach, IKON has suffered damages, including, but not limited to, unpaid invoices in an amount exceeding Five Hundred Thousand Dollars ($500,000.00).

## COUNT II – NEGLIGENCE

23.     Plaintiff IKON realleges and incorporates by reference each allegation contained in the preceding paragraphs of this Complaint, paragraphs one (1) through twenty-two (22), inclusive, as if fully set forth herein.

24.     Defendant concluded that Defendant could pay the fees and amounts owed to IKON pursuant to the SOW because Defendant believed he would receive, and/or had been promised, sufficient funds to pay for the cost of Mr. Farkas' defense, including all of the services performed by IKON under the Statement of Work contract, pursuant to an insurance policy that purportedly covered Mr. Farkas and/or based on conversations between Defendant and Mr. Farkas' insurer, the result of which led Defendant to believe that Mr. Farkas' insurer had committed to paying and/or reimbursing these costs.

25.     Defendants' conclusion and opinion regarding the availability and commitment of sufficient funds from Mr. Farkas' insurer to pay for the cost of Mr. Farkas' defense was erroneous, mistaken and/or false.

26.     In reality, as found by the district court which decided the claim made by Defendant on Mr. Farkas' behalf, Mr. Farkas' insurer had only agreed to cover up to One Million Dollars ($1,000,000.00) of the costs incurred in Mr. Farkas' defense and was not obligated by the insurance contract or other arrangement to pay any additional sums.  Indeed, IKON has recently learned that the same district court further found that Mr. Farkas' insurer was entitled to recoup the amounts it expended in Mr. Farkas' defense as the consequence of Mr. Farkas having been convicted in the Farkas Criminal Matter pursuant to an exclusion in the insurance agreement, a provision of which Defendant should have been aware and/or should have known contradicted his conclusion that the insurance coverage would apply to the payment of Mr. Farkas' legal and trial support costs.

6

27.     Upon information and belief, Defendant incurred approximately $2,000,000.00 in defense costs that Mr. Farkas' insurer will not reimburse; that amount was not ordered or authorized to be paid by the Bankruptcy Court presiding over the bankruptcy proceeding involving TBW, Mr. Farkas' employer and the insurance policyholder; and that amount is, and has been at all times relevant, disputed by Mr. Farkas' insurer and was the subject of litigation before this Court in the Farkas Civil Proceeding.

28.     When Defendant made these conclusions regarding the availability of funds from Mr. Farkas' insurer to pay for Mr. Farkas' defense, including the costs owed to IKON, Defendant was under considerable pressure to obtain trial support services from IKON in order to defend Mr. Farkas during the Farkas Criminal Trial.

29.     Defendant owed IKON a duty to exercise reasonable care and diligence in obtaining, ascertaining and supplying the aforementioned information during the course of Defendant's business and/or profession.  Nonetheless, whether due to the distractions and pressures of trial or otherwise, Defendant breached its duty to IKON by failing to exercise reasonable care and competence in determining, and fully and accurately disclosing to IKON, whether Mr. Farkas' insurer was contractually obligated to pay for and/or had otherwise promised to pay for the full cost of Mr. Farkas' defense.

30.     Defendant was aware that IKON would rely on the information he obtained and/or ascertained regarding the availability of sufficient funds from Mr. Farkas' insurer to pay for the cost of Mr. Farkas' defense, including costs owed to IKON.

31.     IKON, at the time it took the actions herein alleged, was unaware of the falsity and/or inaccuracy of Defendant's conclusions and reasonably believed them to be true given the

7

Defendant's status as a law office, Defendant's assurances, Defendant's review of the relevant insurance policies, and Defendant's firsthand conversations with Mr. Farkas' insurer.

32.     In reliance on Defendant's conclusions and opinions regarding the availability and commitment of sufficient funds to pay for the cost of Mr. Farkas' defense, IKON was induced to incur, and did incur, costs by performing services at Defendant's request pursuant to the Statement of Work contract and contracting for the services of third parties for which IKON has paid.  Had Defendant fully and accurately disclosed, or had IKON known the actual facts, it would not have performed these services due to the significant and unreasonable risk of nonpayment for the services provided.

33.     IKON's reliance on Defendant's representations was justified and reasonable.

34.     As a proximate result of Defendant's negligent conduct as herein alleged, IKON has incurred costs and damages in an amount exceeding $500,000.00 based upon Defendant's negligence in ascertaining and/or fully and accurately disclosing the actual facts and/or status concerning the coverage Mr. Farkas' insurer had purportedly agreed to provide and/or which had been ordered by the relevant court and/or tribunal.

**COUNT III – NEGLIGENT MISREPRESENTATION\**

35.     Plaintiff IKON realleges and incorporates by reference each allegation contained in the preceding paragraphs of this Complaint, paragraphs one (1) through thirty-four (34), inclusive, as if fully set forth herein.

36.     Defendant represented to IKON that Defendant could pay the fees and amounts owed to IKON based on Defendant's incorrect belief and opinion that Defendant would receive, and/or had been promised, sufficient funds to pay for the cost of Mr. Farkas' from Mr. Farkas' insurer, whether by contractual obligation or other agreement.

37.     Defendant's representations were false and/or misleading.  Defendant's representations were made to IKON when Defendant was under pressure to obtain trial support services from IKON in order to represent Mr. Farkas in the Farkas Criminal Matter.  Whether as a result of these pressures or otherwise, Defendant failed to exercise reasonable care and competence in the representations it made to IKON regarding the availability and commitment of sufficient funding from Mr. Farkas' insurer to pay for the costs of Mr. Farkas' defense.

38.     Defendant owed IKON a duty of reasonable care and competence in the provision of information to IKON that was relied upon by IKON during the course of Defendant's conduct of his business and profession.  Defendant breached this duty by failing to exercise reasonable care and diligence and providing information to IKON that was false, inaccurate and/or misleading.

39.     IKON, at the time these representations were made by Defendant, and at the time IKON took the actions alleged herein, was unaware of the falsity, inaccuracy and/or misleading nature of Defendant's representations and reasonably believed them to be true given the Defendant's status, Defendant's assurances, Defendant's review of the relevant insurance policies, and Defendant's firsthand communications with Mr. Farkas' insurer.

40.     In reliance on these representations, IKON was induced to incur, and did incur, costs by performing services at Defendant's request pursuant to the Statement of Work contract and contracting for the services of third parties for which IKON has paid.  Had Defendant fully and accurately disclosed, or had IKON known the actual facts, it would not have performed these services.

41.     IKON's reliance on Defendant's representations was justified and reasonable.

42.     As a proximate result of Defendant's negligent representations as herein alleged, IKON has incurred costs and damages in an amount exceeding $500,000.00 based upon Defendant's negligence in representing the actual facts and/or status concerning the coverage Mr. Farkas' insurer had purportedly agreed to provide and/or which had been ordered by the relevant court and/or tribunal.

**WHEREFORE**, Plaintiff IKON demands judgment against Defendant as follows: (a) awarding IKON its damages; (b) awarding IKON pre-judgment interest through and including the date of judgment; (c) awarding IKON its costs in connection with this action; and (d) granting to IKON such further necessary and proper relief as the Court may deem just and appropriate.

Dated:  April 16, 2011                                   Respectfully Submitted,

                                                           /s/ Joseph J. Aronica
                                                         Joseph J. Aronica
                                                         **DUANE MORRIS LLP**
                                                         505 9th Street, N.W.
                                                         Suite 1000
                                                         Washington, DC 20004-2166
                                                         Telephone:     (202) 776-7824
                                                         Facsimile:     (202) 478-1885
                                                         JJAronica@duanemorris.com

                                                         *Attorneys for IKON Office Solutions, Inc.*

OF COUNSEL:
Thomas T. Loder, Esquire
Carla M. Bennett, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1246/1153/7312

*Attorneys for Plaintiff*
*IKON Office Solutions, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff IKON Office Solutions, Inc. demands a trial by jury as to all issues so triable.

_/s/ Joseph J. Aronica_____

Joseph J. Aronica

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2012, I will electronically serve the foregoing Amended Complaint and Demand for Jury Trial with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to each person designated on the electronic filing service list of the Court.

_/s/ Joseph J. Aronica_____

Joseph J. Aronica