**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division**

| | |
|---|---|
| IKON OFFICE SOLUTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>THE LAW OFFICE OF CRAIG )<br>KUGLAR, LLC, )<br>)<br>Defendant. ) | Civil Action No.<br>1:12-cv-01316-JEC |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

The Court should dismiss Plaintiff's Amended Complaint because it fails to state claims for breach of contract, negligence, and negligent misrepresentation. The Amended Complaint and attachments thereto, show that Kuglar Law executed the contract at issue in this case as *agent* for Kuglar Law's client, Lee B. Farkas. IKON's Opposition to Defendant's Motion to Dismiss (hereinafter "Opp'n Brief" (Doc. 21)) fails to distinguish the well-settled Pennsylvania law that precludes an agent from being responsible for his principal's performance under a contract. Moreover, IKON's argument that Georgia law applies to its tort claims is incorrect. But even if Georgia law did apply, IKON cannot state a claim for negligence or negligent misrepresentation because, like Pennsylvania, Georgia recognizes the economic loss rule ("ELR") and IKON failed to properly plead an exception to the

ELR.  IKON also failed to allege any *independent* injury arising from the alleged tort.  IKON's amended complaint alleges the exact same injury and damages arising from the alleged breach of contract and the alleged torts.  Because IKON cannot state a claim for relief, the Court should grant Defendant's Motion to Dismiss the Amended Complaint (Doc. 19).

**I.    IKON Cannot Distinguish the Well-Settled Pennsylvania Law That an Agent Is Not Liable for Its Principal's Breach of Contract; and the Amended Complaint and Contract Plainly Show That Kuglar Law Was Acting as an Agent for its Client.**

As explained in the opening brief, IKON's Amended Complaint, as well as the Statement of Work Contract ("SOW") attached thereto, acknowledge that Kuglar Law was acting as the agent of its client, Lee B. Farkas.  Kuglar Law is, therefore, not responsible for payment of the approximately $500,000 IKON alleges it is owed under the SOW.[1]

IKON fails to distinguish the settled case law cited by Defendant in any meaningful manner.  In fact, IKON's characterization of the cases simply underscores their significance:

> The court held that ***the agent was not liable because it was clearly acting as alter ego on behalf of its agent***, as evidenced by the fact that: (1) the contract provided that the goods were ordered 'for

---

[1] *See* Doc. 19, *Defendant's Brief in Support of its Motion to Dismiss Plaintiff's Amended Complaint* ("Def's Opening Brief"), pp. 8-10 (citing *Myers v. GAF Corp.*, 2000 Phil. Ct. Com. Pl. LEXIS 64 (Dec. 12, 2000); *Marano v. Granata*, 24 A.2d 148, 149-50 (Pa. Super. Ct. 1942)).

2

account of [principal];' and (2) the contract was executed by the individual 'as Agent for the [principal].'[2]

The facts here are clearly on point: (1) the services were ordered "for account of [Farkas]" as evidenced by the title page of the SOW;[3] and (2) the contract was executed by Kuglar Law as "Atty. for Lee Farkas."[4] Thus, the identity of the principal in this present situation was clearly known to IKON, as evidenced by the signature line of the contract and by the matter reference on the title page of the contract.[5]

Defendant specifically disclaimed liability by altering the contract when the owner of Kuglar Law specifically signed the contract in his capacity as "attorney for Lee Farkas." IKON's Opposition Brief attempts to downplay the significance of this, arguing: "[Craig Kuglar's] gratuitous allusion to 'Atty for Farkas' did not serve to change Farkas into the contracting party."[6] However, the law is clear that "[w]hen written and printed portions of the same document are repugnant, printed clauses yield to written clauses, as the written clause presumably evinces the deliberate expression of the parties true intent."[7] Importantly, the identification of

---

[2] Doc. 21, *Opp'n Br.*, p. 10 (**emphasis added**).
[3] Doc. 13-1, *SOW*, p. 1.
[4] *Id.*, p. 13 of 15.
[5] *Id.*, pp. 1 and 13 of 15.
[6] Doc. 21, *Opp'n Br.*, p. 9.
[7] *Goldstein v. Blumenfeld*, 574 A.2d 109, 110 (Pa. Super. Ct. 1990); *see also Westminster Group v. Perimeter 400 Partners,* 460 S.E.2d 827, 830 (Ga. App. 1995) ("[P]rovisions which are specially inserted by a party take precedence over

the principal, Mr. Farkas, on the signature line was the sole contribution Kuglar Law made to IKON's standard form contract.  Kuglar Law's addition/change to the contract is not a "gratuitous allusion" but rather the entire point.  Finally, the fact that the owner of Kuglar Law identified his title on the signature block when he signed as "Atty. for Farkas" changes nothing.  The SOW had a line for title and the owner of Kuglar Law correctly identified his title and noted that he was signing as attorney for Kuglar Law's client, Lee B. Farkas.

## II. Georgia Law Does Not Apply to the Tort Claims Because the Alleged Injury Occurred at IKON's Principal Place of Business Located in Pennsylvania and the SOW Provided That Pennsylvania Law Would Apply.

Kuglar Law agrees with IKON that "Federal courts sitting in diversity apply the substantive law of the forum state, including the forum state's choice of law principles."[8]  But Georgia's choice of law analysis results in application of

---

the printed provision of a form contract."); O.C.G.A. § 13-2-2(7) ("When a contract is partly printed and partly written, the latter part is entitled to most consideration[.]").

[8] Doc. 21, *Opp'n Br.*, p. 12 (citing *Asplundh Tree Expert Co. v. Emeritis LLC*, 2006 U.S. Dist. LEXIS 45581, *10 (N.D. Ga. June 27, 2006)).  However, IKON's argument that Kuglar Law is "judicially estopped from repudiating [its] prior claim that all communications, obligations and transactions concerning performance and acceptance of IKON's services occurred in Georgia," (Doc. 21, *Opp'n Br.,* p. 12) misses the point.  Kuglar Law has not made any claim as to the location *of the injury*, which is dispositive of the choice of law issue.  Kuglar Law's "prior claims" were relevant to its Motion to Transfer because they supported Defendant's contention that this district provides a more convenient forum than Virginia.  Doc. 11, *Kulgar's Consolidated Memorandum of Law in Support of Motion to Dismiss and Motion to Transfer*, pp. 2, 11, 14.  But that does not answer

Pennsylvania law to IKON's tort claims. In Georgia, the law of the place of the wrong controls which law is applied to a tort claim.[9] The place of the wrong is the state in which the last event necessary to create liability takes place.[10] The alleged tort injury here is non-payment for services performed pursuant to the SOW.[11]

IKON "maintain[s] its principal place of business at … and transact[s] business at its principal place of business in Malvern, Pennsylvania[.]"[12] Here, any alleged tort injury occurred in Pennsylvania because IKON's principal place of business is the location of the injury.[13] This Court should conclude that the injury occurred at the Plaintiff's principal place of business, located in Pennsylvania and that, accordingly, Pennsylvania law applies to Plaintiff's tort claims.

Pennsylvania law should apply for the additional reason that the SOW specifies that:

> This SOW and any Services procured hereunder shall be governed by the laws of the Commonwealth of Pennsylvania both as to interpretation and *performance*, without regard to its choice of law

---

the question of where IKON suffered the alleged economic injury of non-payment for services rendered.
[9] *Id*.
[10] *Id*. at *10-11.
[11] Doc. 13, *Am. Compl*., at ¶¶ 34, 42.
[12] *Id*. at ¶ 2.
[13] *See Asplundh Tree Expert Co. v. Emeritis LLC*, 2006 U.S. Dist. LEXIS 45581, *11 (N.D. Ga. June 27, 2006) (finding losses occurred at principal place of business).

requirements.  All other ordering documents shall be governed by the law of the jurisdiction in which the Services are being performed.[14]

IKON strangely asserts that "[o]n their face, IKON's tort claims do not relate to the … parties' performance" under the contract.[15]  This cannot be squared with the allegations in IKON's Amended Complaint.  IKON alleges that it incurred "costs by ***performing*** services … ***pursuant to the Statement of Work contract***"[16] and "costs by ***performing*** services at Defendant's request ***pursuant to the Statement of Work contract***."[17]  These allegations confirm that the injury of non-payment is the result of IKON having performed services pursuant to a contract.[18]  As a result, these tort claims fall under the SOW's choice of law provision.

## III. Even if Georgia Law Applies, the ELR Bars IKON's Tort Claims and IKON Fails to Adequately Plead the Negligent Misrepresentation Exception to the ELR.

As explained in Defendant's Opening Brief, if Pennsylvania law applies, IKON's tort claims must be dismissed under Pennsylvania's gist-of-action doctrine.[19]  However, Georgia has a similar principle regarding disguised tort

---

[14] Doc. 13-1, *SOW*, § 12 (***emphasis added***).  NOTE: IKON cannot argue that this is an agreement between the parties to litigate all other *matters* between the parties according to the venue in which the services occurred because it limits its scope to "ordering documents" which were required by the contract to be in writing to be effective, *Id.*, § 13.
[15] Doc. 21, *Opp'n Br.*, p. 11.
[16] Doc. 13, *Am. Compl.*, at ¶ 32 (negligence count) (***emphasis added***).
[17] *Id.*, at ¶ 40 (negligent misrepresentation count) (***emphasis added***).
[18] *Id.*, at ¶¶ 34, 42.
[19] Doc. 19, *Def's Opening Brief*, p. 12.

actions: "negligent misrepresentation, being a tort, presupposes the absence of an enforceable contractual relationship between the parties."[20]  IKON has clearly pled that its injuries were sustained pursuant to the SOW contract,[21] leaving little doubt that it is merely disguising its contract claims as tort claims.  Regardless, this Court should dismiss IKON's claims because IKON fails to adequately plead negligence and/or negligent misrepresentation.

IKON argues that the ELR does not apply because of the negligent misrepresentation exception under Georgia law.[22]  That exception allows an action barred under the economic loss rule to go forward and creates a duty under the following circumstances:

> [O]ne who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used.[23]

---

[20] *Hendon Properties, LLC v. Cinema Dev., LLC*, 620 S.E.2d 644, 649 (Ga. App. 2005); *see also Servicemaster Co. v. Martin*, 556 S.E. 2d 517, 521-23 (Ga. App. 2001) (a party in Georgia may not maintain an action in tort for the breach of a duty owed under a contract).
[21] Doc. 13, *Am. Compl.*, at ¶¶ 34, 42.
[22] Doc. 21, *Opp'n. Br.*, p. 13.
[23] *Advanced Drainage Sys. v. Lowman*, 437 S.E.2d 604, 607 (Ga. App. 1993) (citing *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 300 S.E.2d 503 (Ga. 1983)).

This exception is the same as stating a claim for negligent misrepresentation,[24] which requires a plaintiff to plead the following in Georgia:

> (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance.[25]

Here, IKON has failed to plead facts that show reasonable reliance upon the allegedly false information and/or that the economic injury was the result of that reliance.

First, the merger clause in the SOW contract negates any reasonable reliance that IKON might assert it had upon statements made before or contemporaneously with the formation of the contract.[26] "[A] merger clause operates as a disclaimer of all representations not made on the face of the contract."[27] IKON does not dispute this in its Opposition Brief and instead focuses on alleged statements made after formation of the contract.[28]

Second, IKON failed to plead reasonable reliance upon any alleged statements made after the formation of the contract. Nor could it, because any

---

[24] *See generally, id.*
[25] *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 479 S.E.2d 727, 729 (Ga. 1997).
[26] Doc. 19, *Def's Opening Brief*, pp. 13-15.
[27] *Ekeledo v. Amporful*, 642 S.E.2d 20, 22 (Ga. 2007).
[28] *See* Doc. 21, *Opp'n Br.*, p. 20 ("The integration clause, however, clearly only applies to communications or understandings made *before* the Statement of Work contract was executed.").

such statements were mere assurances that Farkas intended to perform his end of the bargain. "[W]hen a defendant is already contractually bound to the plaintiff, his assurance that he will perform in accordance with the contract is simply a reiteration of his original promise. It creates no additional liability in contract, let alone in tort."[29] The same is true in Georgia: "fraud inducing a party to perform his legal obligations, such as the performance of a binding contract, is nonactionable as not causing damage."[30]

Here, IKON argues that the statements at issue were made "during the time that Kuglar Law was under these contractual obligations to IKON"[31] and were "regarding Kuglar [Law]'s ability to make payment[,]"[32] and that this induced IKON to "continu[e] to perform services pursuant to the SOW Contract."[33] Also, that "IKON was induced to incur, and did incur, costs by performing services at

---

[29] *Palco Linings, Inc. v. Pavex, Inc.*, 755 F. Supp. 1269, 1275 (M.D. Pa. 1990) (citing *Hi-Grade Cleaners, Inc. v. Am. Permac, Inc.*, 561 F. Supp. 643, 644 (N.D. Ill. 1982)); *accord Asplundh Tree, supra,* 2006 U.S. Dist. LEXIS 45581, *14-17 (N.D. Ga. June 27, 2006) (finding that alleged misrepresentations made during performance of contract were barred by Pennsylvania's gist-of-action rule and would have been barred under Georgia's ELR too).

[30] *Bridgers v. Investors Am., Inc.*, 267 S.E.2d 801, 803 (Ga. App. 1980). Note: The principles applicable to fraud, particularly with regard to justifiable reliance, are applicable to claims for negligent misrepresentation. *See generally, Next Century Comm'n Corp.*, 318 F.3d 1023 (11th Cir. 2003).

[31] Doc. 21, *Opp'n. Br.*, p. 15.

[32] *Id.*, p. 16.

[33] *Id.*

Defendant's request pursuant of the Statement of Work contract[,]"[34] and that, "[i]n reliance on these representations, IKON was induced to incur, and did incur, costs by performing services at Defendant's request pursuant to the Statement of Work contract[.]"[35] These alleged misrepresentations would amount to a "reiteration of [the] original promise,"[36] to pay IKON for its services performed under the SOW. Moreover, under the SOW, IKON agreed to perform unless and until it terminated the agreement, which never happened.[37] IKON's allegation that Kuglar Law induced it to perform duties to which it was already obligated fail to state a tort claim.

Third, IKON failed to plead reasonable reliance on statements made after formation of the contract because those statements were merely forward looking opinions, predictions and expectations. As a general rule, "a party is not justified in relying on and assuming to be true representations consisting of mere expressions of opinion, hope, expectation, puffing, and the like; rather, representations of this nature must be inquired into and examined to ascertain the truth."[38] Again, "[i]t is axiomatic that a false representation made by a defendant,

---

[34] Doc. 13, *Am. Compl.*, at ¶ 32.
[35] *Id.*, at ¶ 40.
[36] *Palco*, 755 F. Supp. at 1275.
[37] Doc. 13-1, *SOW*, at ¶ 3 ("Upon thirty (30) days' prior written notice, either party may terminate any of the Services specified this SOW.").
[38] *GCA Strategic Inv. Fund, Ltd. v. Joseph Charles & Associates, Inc.*, 537 S.E.2d 677, 682 (Ga. App. 2000) ("Misrepresentations are not actionable unless the

to be actionable, must relate to an existing fact or a past event. Fraud cannot consist of mere broken promises, unfilled predictions or erroneous conjecture as to future events."[39]

The alleged misrepresentations were all forward looking and based upon Kuglar Law's opinion regarding future events:

> [T]o obtain these services, Kuglar [Law] gave IKON continuing ongoing assurances that the invoices due and owing to IKON, and payment for new and additional ongoing services, ***would be paid***.[40]
>
> \* \* \*
>
> Defendant concluded that Defendant could pay the fees and amounts owed to IKON pursuant to the SOW because Defendant ***believed he would receive***, and/or had been promised, sufficient funds[.][41]
>
> \* \* \*
>
> Defendants' [sic] conclusion and ***opinion*** regarding the availability and commitment of sufficient funds from Mr. Farkas' insurer to pay the cost of Mr. Farkas' defense was erroneous, mistaken and/or false.[42]
>
> Defendant represented to IKON that Defendant could pay the fees and amounts owed to IKON based on Defendant's incorrect ***belief and opinion*** that Defendant would receive and/or had been promised, sufficient funds to pay for the cost of Mr. Farkas' [sic]from Mr. Farkas' insurer…[43]

---

complaining party was justified in relying thereon in the exercise of common prudence and diligence.").
[39] *Fuller v. Perry,* 476 S.E.2d 793, 796 (Ga. App. 1996) (citations omitted).
[40] Doc. 21, *Opp'n Br.*, p. 15 (***emphasis added***).
[41] Doc. 13, *Am. Compl.*, ¶ 24 (***emphasis added***).
[42] *Id.* at ¶ 25 (***emphasis added***).
[43] *Id.* at ¶36 (***emphasis added***).

Kuglar Law's "***belief and opinion***" as to whether National Union would pay was merely an unfilled prediction and erroneous conjecture as to future events. Such representations cannot support a claim for negligent misrepresentation.

Fourth, IKON failed to adequately plead that Kuglar Law was the proximate cause of IKON's injury. As noted above, "fraud inducing a party to perform his legal obligations, such as the performance of a binding contract, is nonactionable as not causing damage."[44] Again, the representations at issue here could not have been the proximate cause of the injury IKON alleges because that injury was, as IKON has stated, "costs [from] performing services . . . pursuant to the Statement of Work contract[.]"[45] The damages IKON claims it incurred in tort are the same that it seeks to recover under a theory of breach of contract. This is precisely the type of situation that the ELR is intended to bar.

Finally, Kuglar Law had no independent duty to IKON because IKON was at arms-length, and had a responsibility to investigate Kuglar Law's claims. IKON was required to inquire into and examine the alleged misrepresentations to ascertain the truth.[46] "[T]he element of justifiable reliance under common law fraud requires [plaintiff] to prove that it exercised due care to discover the fraud."[47] A commercial actor is required to investigate the veracity of such statements

---

[44] *Bridgers, supra,* 267 S.E.2d at 803.
[45] Doc. 13, *Am. Compl.*, at ¶ 40.
[46] *GCA Strategic Inv. Fund, supra,* 537 S.E.2d at 682.
[47] *Id*.

before he may reasonably rely.[48]  Moreover, IKON would have had a responsibility even if Kuglar Law could be said to have a special knowledge regarding whether or not National Union would pay.[49]  IKON has not alleged that it attempted to investigate any statements, and merely that it relied wholly on defendant,[50] a party with whom it was operating at arms-length.  As a result, it has failed to adequately allege justifiable reliance upon those statements.

## Conclusion

IKON's attempt to hold Kuglar Law responsible in contract for a debt owed by Kuglar Law's client is contrary to settled law and should fail. So should IKON's attempt to "bootstrap" tort claims arising from non-payment of the same debt.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint (Doc. 13).

---

[48] *See Wilkinson v. Walker*, 240 S.E.2d 210, 211 (Ga. App. 1977).
[49] *See e.g.*, *Tri Eastern Petroleum Corp. v. Glenn's Super Gas, Inc.*, 342 S.E.2d 346, 349 (Ga. App. 1986).
[50] Doc. 13, *Am. Compl.*, at ¶ 39 ("IKON … reasonably believed [the representations] to be true given the Defendant's status, Defendant's assurances, Defendant's review of the relevant insurance policies, and Defendant's firsthand communications with Mr. Farkas' insurer.").

Respectfully submitted, this the 18th day of June, 2012.

       BY: */s/:  David J. Hungeling*
         David J. Hungeling
         Georgia Bar No. 378417
         Adam S. Rubenfield
         Georgia Bar No. 419033
         **Law Office of David J. Hungeling, P.C.**
         Peachtree 25th, Suite 599
         1718 Peachtree Street, N.W.
         Atlanta, Georgia  30309
         Phone:  (404) 574-2466
         Fax:  (404) 574-2467
         E-Mail:  *david@hungelinglaw.com*
            *adam@hungelinglaw.com*

         *Attorneys for Defendant*

## CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Defendant hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 18th day of June 2012, the foregoing **DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system and that a copy of such filing was forwarded to counsel for the Plaintiff as follows:

Alison M. Haddock (amhaddock@duanemorris.com)

**LAW OFFICE OF DAVID J. HUNGELING, P.C.**

/s/ Adam S. Rubenfield
Adam S. Rubenfield
Georgia Bar No. 419033
*Attorney for Defendant*