IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

IKON OFFICE SOLUTIONS, INC.,    )
                                 )
          **Plaintiff,**         )
                                 )
**v.**                               )       **Civil Action No.**
                                 )       **1:12-cv-01316-JEC**
**THE LAW OFFICE OF CRAIG**    )
**KUGLAR, LLC,**                 )
                                 )
          **Defendant.**       )

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
ALTERNATIVE TO MOTION TO STAY**

Kuglar Law filed an Alternative Motion to Stay[1] to the extent that the Court

does not dismiss IKON's Amended Complaint because there is a related insurance

coverage action (the "Insurance Coverage Action") pending that will affect the

outcome of this case. In its Opposition,[2] IKON misstates the facts and completely

ignores the sworn statements of its own employee, John J. White.[3] Notably, Mr.

White was the very person who negotiated the contract at issue in this case for

---

[1] Doc. 25.

[2] Doc. 27.

[3] *See* Affidavit of John J. White, dated March 15, 2012, a copy of which is attached
hereto as Exhibit "A."

IKON.[4] According to Mr. White, IKON expected to be paid from insurance proceeds and not directly from Kuglar Law. Thus, IKON will not be prejudiced if this action is stayed pending resolution of the Insurance Coverage Action, which will happen long before this case could be tried.  This Court has the discretion to grant stays and to control its docket.[5] It would benefit the parties and this Court to grant a reasonable stay of this action to the extent that the Court does not dismiss all of IKON's claims.

### A. This Action is Significantly Related to the Pending Insurance Coverage Action Appeal.

IKON bases its Opposition upon the erroneous notion that it had nothing to do with the National Union policy and that Kuglar Law was responsible for all payments under the SOW.[6] IKON's own Senior Account Manager who handled the Farkas project and negotiated the SOW expressly states the exact opposite.[7] He notes that it was Farkas and his insurer National Union, not Kuglar Law, that were

---

[4] *Id*. at ¶¶ 2, 4-6, and 8-12.
[5] *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).
[6] Opposition, pp. 1-5, and 6-9.
[7] Aff. White, ¶¶ 8, 10, 11, 16, 22-25, and 27.

obligated to pay IKON under the SOW.[8] Mr. White also states that IKON billed

National Union directly and did not invoice or receive payment from Kuglar Law.[9]

It is ludicrous for IKON to now maintain that the pending Insurance

Coverage Action "is utterly unrelated"[10] to the instant suit. That case has direct

bearing upon this one. Both Kuglar Law and IKON are direct, actual beneficiaries

of Farkas' National Union D&O Policy. They are likewise beneficiaries of the

Insurance Coverage Action, in which their interests are represented by Mr. Farkas.

In the Insurance Coverage Action, Farkas is *not* seeking "to recover, directly from

National Union, amounts that Farkas claims National Union is contractually

obligated to pay Farkas under the insurance policy[,]" as IKON disingenuously

maintains.[11] Rather, that action is primarily focused on whether National Union is

obligated to pay IKON, Kuglar Law, and others for Mr. Farkas' litigation expenses

that were incurred ***prior to National Union's denial of coverage***. All of the

amounts IKON claims in this suit are pre-denial expenses. In this light, one can see

that, though IKON and Kuglar Law, are not named "parties" to the Insurance

---

[8] *See Id*. at ¶¶ 7-11, 15, 22-25, and 27.
[9] *Id*. at ¶ 16 ("[a]t no point did Kuglar Law pay IKON for work performed on the Farkas Matter. IKON direct billed National Union for work performed. It was only after National Union refused to pay the invoices that IKON sought payment from Kuglar Law").
[10] Opposition, p. 8.
[11] *See* Opposition, p. 7 (emphasis omitted).

Coverage Action, they are in privity with Mr. Farkas' interests in that suit. Favorable resolution of the Insurance Coverage Action would most certainly result in payment of the sums IKON now claims due.

### B. If a Stay is Not Granted Kuglar Law will Suffer a Clear Case of Hardship.

Contrary to IKON's baseless assertions,[12] Kuglar Law will indeed suffer great hardship should this Court not grant a stay in this case. Unlike, IKON, Kuglar Law is not a multinational corporation with billions in annual revenues. The costs and burden of defending this action are significant to Kuglar Law. This is especially so given the absence of merit to IKON's claims and the high probability that IKON will be paid for its alleged services upon favorable resolution of the Insurance Coverage Action.

### C. IKON Has Asserted No Clear Reason as to How it Would be Prejudiced by a Stay in this Case.

IKON's argument that a stay would unfairly prejudice[13] it is likewise baseless. IKON fails to enumerate what harm it would suffer should this Court stay this case. This is because it will not suffer any prejudice. IKON is a sophisticated juggernaut of a corporation. It is certainly accustomed to the pace of business and

---

[12] *Id*. at pp. 6-9.
[13] *Id*. at 9-10.

litigation. A delay of a few months[14] will not affect IKON's ability to remain a going concern or result in financial harm to the company or its employees. This is in stark contrast to the effect upon Kuglar Law if forced to defend this action.

> **D. A Stay Would Likely Result in Simplification of the Issues of this Case and is Supported by Compelling Reasons.**

IKON is mistaken that a stay would not simplify the issues in this case[15] and that there are no compelling reasons to justify a stay.[16] Favorable resolution of the Insurance Coverage Acton would likely result in National Union's payment of the sums claimed due by IKON in this case. Such payment would render this case moot. Lastly, it is worth noting that if the appeal were to resolve unfavorably, the parties would be no worse off than they are now.  In any case, the relatively short amount of time that the stay would be in place is reasonable in light of the potential benefits to the parties and alleviating the burden upon this Court's docket.

---

[14] The United States Court of Appeals for the Fourth Circuit's docket in *Farkas v. National Union Fire Insurance Company of Pittsburgh, Pa.*, No. 12-1481, reflects that the Court entered a Briefing Order on July 5, 2012. That order sets deadlines for the Appellant's Brief and the Appellee's Brief for August 14, 2012 and September 17, 2012, respectively. A copy of the docket, printed from PACER is attached hereto as Exhibit "B."

[15] Opposition, pp. 10-12.

[16] *Id*. at p. 12.

## CONCLUSION

This Court has the discretion to control its docket and grant a short stay of this action until the United States Court of Appeals for the Fourth Circuit resolves the Insurance Coverage Action. Doing so would potentially simplify or moot this case and reduce waste of precious judicial resources. IKON would face no prejudice by granting of a short stay. Without the stay, Kuglar Law potentially faces disproportionate burden in defending itself and engaging in discovery. It would be unjust for Kuglar Law to be subject to such burden given the minimal delay to this case and the high likelihood that the pending appeal could resolve this matter.

WHEREFORE, Kuglar Law respectfully requests that, to the extent that the Court does not dismiss all of Plaintiff's claims, the Court enter a stay of this action until resolution of the Insurance Coverage Action, along with such further relief as may be appropriate.

Respectfully submitted, this the 9th day of August, 2012.

BY: */s/: David J. Hungeling*
David J. Hungeling
Georgia Bar No. 378417
Adam S. Rubenfield
Georgia Bar No. 419033
**Law Office of David J. Hungeling, P.C.**
Peachtree 25th, Suite 599
1718 Peachtree Street, N.W.

6

Atlanta, Georgia  30309
Phone:  (404) 574-2466
Fax:  (404) 574-2467
E-Mail:  *david@hungelinglaw.com*
*adam@hungelinglaw.com*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE AND TYPE

Pursuant to Local Rule 7.1D, the undersigned counsel for Defendant hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 9th day of August 2012, the foregoing **DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS ALTERNATIVE MOTION TO STAY** was electronically filed with the Clerk of Court using the CM/ECF system and that a copy of such filing was forwarded to counsel for the Plaintiff as follows:

Alison M. Haddock (amhaddock@duanemorris.com)
Carla M. Bennett (cmbennett@duanemorris.com)
Joseph J. Aronica (jjaronica@duanemorris.com)

/s/ David J. Hungeling
David J. Hungeling
*Attorney for Defendant*
**LAW OFFICE OF DAVID J. HUNGELING, P.C.**
Peachtree 25th, Suite 599
1718 Peachtree Street
Atlanta, Georgia 30309
404-574-2466
404-574-2467 FAX
david@hungelinglaw.com