# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

IKON OFFICE SOLUTIONS, INC.,         :
                                      :
              Plaintiff,              :
                                      :   Case No.  1:11CV1409-TSE/JFA
    vs.                               :
                                      :
THE LAW OFFICE OF CRAIG KUGLAR,       :
LLC,                                  :
                                      :
              Defendant.              :

## AFFIDAVIT OF JOHN J. WHITE

COMES NOW, John J. White and submits this, his affidavit for use in the above-styled action and states as follows:

1. My name is John J. White and I am over 18 years of age and competent to testify to the facts set forth herein.

2. At all times relevant to the above dispute I was employed by Plaintiff Ikon Office Solutions, Inc. ("IKON") as a Senior Account Manager.

3. I understand that the above dispute arises from IKON's attempt to collect on invoices IKON alleges it is owed by The Law Office of Craig Kuglar, LLC ("Kuglar Law") pursuant to that "Statement of Work for The Law Office of Craig H. Kuglar, LLC




dated January 21, 2011" (the "Contract" or "SOW"), for work performed in connection with the matter styled *USA v. Lee Bentley Farkas*, Case No. 10-CR-200-LMB (the "Farkas Matter").

4. At all relevant times, I was the IKON Account Senior Manager responsible for the Farkas Matter.

5. As Senior Account Manager on the Farkas matter, I was responsible for the negotiation of the terms included in the Contract and, as Senior Account Manager, possessed the authority to enter into such contracts on behalf of IKON.

6. On or before January 21, 2011, I met with Craig H. Kuglar ("Kuglar") to discuss the Farkas matter. Kuglar explained the terms of his agreement with Lee Bentley Farkas ("Farkas").

7. Prior to engaging IKON on legal matters, the practice of Kuglar is to informed IKON whether or not his firm will be responsible for payment of expenses on behalf of the client.

8. In the Farkas Matter, Kuglar informed me that Farkas was responsible for payment of expenses in the case. Kuglar further informed me that National Union Fire Insurance Co. Of



2

Pittsburgh, PA ("National Union") would be potentially reimbursing Farkas for work performed on the Farkas Matter.

9. After these discussions, on or before January 21, 2011, I met with Kuglar in Ocala, Florida.

10. At this meeting, Kuglar copied me on emails wherein National Union specifically approved the draft Contract.

11. It was only after receipt of these emails from National Union that I submitted the Contract to Kuglar for signature.

12. I was personally present with Kuglar in Ocala, Florida when the Contract was executed.

13. The Contract is a standard form contract prepared by IKON.

14. The Contract does not provide a means of indicating whether a law firm is advancing costs for IKON's services or has agreed with the client that the client is solely responsible for payment of said services.

15. Kuglar signed the Contract as "Attorney for Lee Farkas," which was consistent with my understanding that Kuglar Law was

3



...

acting as agent for Lee Farkas and would not be responsible for payment of the expenses.

16. At no point did Kuglar Law pay IKON for work performed on the Farkas Matter. IKON direct billed National Union for work performed. It was only after National Union refused to pay the invoices that IKON sought payment from Kuglar Law.

17. IKON is not owed in excess of $500,000 for work performed on the Farkas Matter.

18. IKON's invoices include work performed that was not authorized by Kuglar Law. Specifically, IKON's demand includes services in connection with a "SEC Hard Drive," which Kuglar specifically instructed me not to process. Any/all work performed by IKON arising out of the "SEC Hard Drive" was not authorized.

19. On March 31, 2011, I sent an email to Kuglar that "IKON will identify the specific work completed on the SEC hard drive and credit that amount on the Kuglar Law/ Farkas matter in the month of April 2011. The specific work performed will include but not be limited to, Processing, BIB coding, OCR, Etc."



20.  To my knowledge IKON has not credited these amounts.

21.  On May 3, 2011, Kuglar Law contacted me via email directing me to cease all work on the Farkas Matter immediately. Kuglar Law did not approve of any work being performed subsequent to May 3, 2011.

22.  Kuglar nor anyone at Kuglar Law ever represented to me that Kuglar Law would "receive sufficient funds to pay for the cost of Mr. Farkas' defense, including all of the services performed by IKON under the Statement of Work contract."

23.  To the contrary, Kuglar provided me with the Agreement between Farkas and National Union, dated December 19, 2010, which specifically authorized payment to Farkas of Defense Costs up to $1 million and reserved all rights to deny coverage under the Policy.

24.  Further, IKON had multiple conversations with the claims adjuster at National Union responsible for the Farkas Matter, who informed IKON that the bankruptcy court had only approved $1,000,000 and that additional bankruptcy court approval was required for payments to Farkas in excess of $1,000,000.



25. The work performed by IKON was performed with full knowledge that National Union was only authorized by the bankruptcy court to disburse $1,000,000 to Farkas.

26. I have read the Complaint filed by IKON in this action. I do not agree with IKON's allegation that Kuglar or anyone at Kuglar Law ever made any false representation to me.

27. I was fully aware that National Union was "reserving all of its rights" under the Policy and that there was a risk that National Union could refuse to pay costs incurred by Farkas.

28. IKON's statement in paragraph 27 of the Complaint that "Had IKON known the actual facts, it would not have performed these services" is not true. I and others at IKON were aware of the actual facts IKON now claims it was not aware of, and did perform the services with full knowledge of same.

29. I met with Kuglar on this matter in Ocala, Florida and Atlanta, Georgia. My office was in Atlanta, Georgia. Kuglar Law's office was in Atlanta, Georgia. I never met with anyone from Kuglar Law in Virginia.

6



Further Affiant Sayeth Not.

_____
John J. White

*J. Elizabeth Williams*

Subscribed and sworn to before me,
this 15th day of March, 2012.

J. Elizabeth Williams
Notary Public
Paulding County
State Of Georgia
My Commission Expires March 11, 2013

# **EXHIBIT B**

If you view the [Full Docket] you will be charged for 2 Pages $0.20

**General Docket**
**United States Court of Appeals for the Fourth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 12-1481<br>**Nature of Suit:** 4110 Insurance<br>Lee Farkas v. National Union Fire Insurance<br>**Appeal From:** United States District Court for the Eastern District of Virginia at Alexandria<br>**Fee Status:** fee paid | **Docketed:** 04/18/2012 |

**Case Type Information:**
1) Civil Private
2) private
3) null

**Originating Court Information:**
   **District:** 0422-1 : 1:11-cv-00529-LMB-IDD
   **Court Reporter:** Richard Banke, Court Reporter Coordinator
   **Court Reporter:** Anneliese Thomson, Official Court Reporter
   **Presiding Judge:** Leonie M. Brinkema, U. S. District Court Judge
   **Date Filed:** 05/17/2011

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: |
|---|---|---|
| 03/21/2012 | 03/21/2012 | 04/13/2012 |
| 04/16/2012 | 04/17/2012 | |

EXHIBIT B

| Date | # | Description |
|---|---|---|
| 05/02/2012 | 10 | APPEARANCE OF COUNSEL (Local Rule 46(c)) by Craig C. Reilly for Lee Bentley Farkas.[998845627] [12-1481] Craig Reilly |
| 05/02/2012 | 11 | TRANSCRIPT ORDER ACKNOWLEDGMENT filed for Anneliese Thomson. Identify by proceeding and date all transcripts ordered from this court reporter: summary judgment hearing, 2/24/2012. Names of all parties ordering transcript from this reporter: Lee Bentley Farkas.. Originating case number: 1:11-cv-00529-LMB-IDD. Transcript due from Anneliese Thomson, Official Court Reporter 07/09/2012 [12-1481] (CP) |
| 05/02/2012 | 12 | APPEARANCE OF COUNSEL (Local Rule 46(c)) by William Bruce Cummings for Lee Bentley Farkas. [998845891] [12-1481] William Cummings |
| 05/04/2012 | 13 | Initial mediation conference scheduled. [12-1481] (LP) |
| 05/07/2012 | 14 | APPEARANCE OF COUNSEL (Local Rule 46(c)) for National Union Fire Insurance Company of Pittsburgh, PA by Attorney(s) Joseph H. Lang Jr., Sylvia H. Walbolt for party(s) Appellee National Union Fire Insurance Company of Pittsburgh, PA, in case 12-1481.[998848769] [12-1481] (CP) |
| 05/07/2012 | 15 | Docket correction requested from Joseph H. Lang, Jr. for National Union Fire Insurance Company of Pittsburgh, PA and Sylvia H. Walbolt for National Union Fire Insurance Company of Pittsburgh, PA. Re: [14] appearance of counsel , [12] appearance of counsel. Access to appearance of counsel , appearance of counsel has been restricted to case participants.. Mailed to: Joseph H. Lang Jr. Sylvia H. Walbolt CARLTON FIELDS, PA Suite 1000 Corporate Center 3 International Plaza 4221 West Boy Scout Boulevard Tampa, FL 33607. [12-1481] (CP) |
| 05/10/2012 | 16 | APPEARANCE OF COUNSEL (Local Rule 46(c)) by Joseph H. Lang, Jr. for National Union Fire Insurance Company of Pittsburgh, PA.[998851614] [12-1481] Joseph Lang |
| 05/17/2012 | 17 | APPEARANCE OF COUNSEL (Local Rule 46(c)) by Sylvia H. Walbolt for National Union Fire Insurance Company of Pittsburgh, PA.[998856714] [12-1481] Sylvia Walbolt |
| 07/03/2012 | 18 | DISTRICT COURT UPDATE. TRANSCRIPT of proceedings for date of 2/24/2012, before Judge Brinkema, re [77] Notice of Appeal, [85] USCA Case Number, [86] Notice of Appeal Court Reporter Anneliese Thomson, Telephone number 703-299-8595. Does this satisfy all appellate orders for this reporter? y [12-1481] (JB) |
| 07/05/2012 | 19 | BRIEFING ORDER filed. Opening Brief and Appendix due 08/14/2012. Response Brief due 09/17/2012 [12-1481] (SAW) |

## PACER Service Center

### Transaction Receipt

08/08/2012 09:08:47

| PACER Login: | dh1113 | Client Code: | |
|---|---|---|---|
| Description: | Case Summary | Search Criteria: | 12-1481 |
| Billable Pages: | 1 | Cost: | 0.10 |